UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RAYMOND L. POWELL | ) | CASE NO. 03-33767(1)(7) |
| | ) | |
| Debtor(s) | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for Contempt of Debtor Raymond L. Powell against Creditor Kenneth Spangenberger a/k/a Kenneth Spangenberger d/b/a Spanky's Auto Sales ("Spangenberger" or "Creditor"). The Court considered the Debtor's Motion, the Response of the Creditor and the comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court **DENIES** the Motion for Contempt.

**FACTS**

On May 2, 2000, Creditor obtained a Judgment in the amount of $29,400 plus interest against the Debtor in the Hardin Circuit Court.

On May 17, 2000, Debtor executed a Deed to convey the real property located on South Wilson Road in Radcliffe, Kentucky to Gerald L. Deacon for the sum of $32,500. The fair market value of the property was stated in the Deed as $63,500.

On May 18, 2000, Creditor filed a Notice of Judgment Lien in the Hardin County Court Clerk's records.

On May 22, 2000, the Deed between Powell and Deacon dated May 17, 2000 was filed with the Hardin County Clerk.

On June 4, 2003, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. Spangenberger was listed as a creditor in the Debtor's Petition.

On September 23, 2003, an Order Discharging Debtor was entered in the bankruptcy case.

Creditor is now attempting to foreclose on the South Wilson Road property and filed a foreclosure action against Deacon in the Hardin Circuit Court.

On October 30, 2009, Debtor filed his Motion for Contempt against Creditor.

## **LEGAL ANALYSIS**

The sequence of events concerning the transfer of the South Wilson Road property by Debtor to Deacon and the recording of the Judgment Lien by Creditor established that there was no violation of the discharge injunction of 11 U.S.C. §524. The Debtor's Motion for Contempt must be denied.

The undisputed facts establish that the Debtor executed the Deed transferring the South Wilson Road property to Deacon on May 17, 2000. That Deed, however, was not lodged of record with the Hardin County Clerk until May 22, 2000. In the interim, Creditor filed a Notice of Judgment Lien against the property on May 18, 2000. The lien, therefore, was of record before the Deed was recorded. The Debtor did not own any interest in the property as of the date of the Petition and therefore the lien could not be avoided by the Debtor. This lien remained on the property despite the bankruptcy. Creditor's actions are *in rem*, not actions taken against the Debtor or even property of the Debtor. Therefore, the foreclosure action does not constitute a violation of the discharge injunction.

Under Kentucky law, no deed is valid against a purchaser for value or a creditor who has no notice of the deed, until the deed is "acknowledged or proved according to law." KRS 382.270.

This statute is considered a "race-notice" statute, meaning the first party to record without notice achieves superiority. <u>Minix v. Maggard</u>, 652 S.W.2d 93 (Ky. App. 1983). Since Creditor's lien was lodged of record before the Deed transferring the property to Deacon, and Creditor had no notice of the Deed, Creditor's lien has priority. Furthermore, that lien attached to the property and was unaffected by the Debtor's bankruptcy.

The protections of the automatic stay of 11 U.S.C. §362 and the discharge injunction of 11 U.S.C. §524, apply only to the Debtor and property of the estate. The foreclosure action at issue concerns the property of Deacon, not the Debtor, and does not involve any property of the estate. For this reason, the Debtor's Motion for Contempt must be denied.

Even if the Debtor had not conveyed the property and had not taken any steps to avoid the lien under 11 U.S.C. §522(f), the Creditor's actions would not be in violation of the discharge injunction. The lien attached to the property as *in rem* liability. In general, such a lien cannot be avoided in bankruptcy unless it impairs an exemption. <u>In re Lindsey</u>, 313 B.R. 390 (Bankr. W.D. Pa. 2004). Thus, the lien was not extinguished when Debtor received his discharge. While Debtor's debt owed to the Creditor was personally discharged through the bankruptcy, the lien was not. It attached to the property when the Notice of Judgment Lien was filed and Creditor's actions against Deacon do not involve estate property. Therefore, the Debtor's Motion for Contempt must be **DENIED**.

## CONCLUSION

For all of the above reasons, the Motion for Contempt of Debtor Raymond L. Powell is **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: December 9, 2009

-3-

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RAYMOND L. POWELL | ) | CASE NO. 03-33767(1)(7) |
| | ) | |
| Debtor(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Contempt of Debtor Raymond L. Powell against Creditor Kenneth Spangenberger a/k/a Kenneth Spangenberger d/b/a Spanky's Auto Sales be, and hereby is, **DENIED.**

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: December 9, 2009